UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARDANNAY WALKER,

      Plaintiff,

vs.

                                        Case No.:

EXTENDED CARE PORTFOLIO
FLORIDA, LLC a Foreign Limited
Liability Company d/b/a PACIFICA
SENIOR LIVING FORT MYERS; and
DANIELLE INMAN, Individually,

      Defendants.                /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SHARDANNAY WALKER ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendants, EXTENDED CARE PORTFOLIO FLORIDA, LLC a Foreign Limited Liability Company d/b/a PACIFICA SENIOR LIVING FORT MYERS, ("PACIFICA"); and DANIELLE INMAN, Individually ("INMAN") (collectively "Defendants"), and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as this is a claim for unlawful retaliation and unpaid wages brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, overtime wages, an additional equal amount in liquidated damages, front pay, and compensatory damages, and to recover reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28

U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

3.     Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

4.     At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida.

5.     At all times material hereto, Defendant PACIFICA was, and continues to be a Foreign Limited Liability Company.   Further, at all times material hereto, Defendant PACIFICA was, and continues to be, engaged in business in Florida, doing business in Lee County.

6.     Based on the information and belief, at all times material hereto, Defendant INMAN is individual resident of Lee County, Florida.

7.     At all times material hereto, INMAN directed and operated PACIFICA.

8.     At all times material hereto, INMAN and who regularly exercised the authority to: (a) hire and fire employees of PACIFICA; (b) determine the work schedules for the employees of PACIFICA; and (c) control the finances and operations of PACIFICA.

9.     By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of PACIFICA; (b) determine the work schedules for the employees of PACIFICA; and (c) control the finances and operations of PACIFICA, INMAN is an employer as defined by 29 U.S.C. 201 *et. seq.*

10.     Further, at all times material hereto, INMAN was an Executive Director for PACIFICA, acting in PACIFICA's interest in directing the work of Plaintiffs.

11.     At all times material hereto, PACIFICA was "engaged in commerce" within the meaning of §7 of the FLSA.

12.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13.     At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14.     At all times material hereto, Defendant PACIFICA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time periods.

16.     PACIFICA is an institution primarily engaged in the care of sick, ages, or mentally ill clients who reside on the premises.

17.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18.     PACIFICA is a senior assisted living facility for residents dealing with memory loss, housing, obtaining and administrating medications, transportation to medical facilities, in-house therapy, and housekeeping.

19.     In approximately October 2018, Defendants hired Plaintiff to work as a non-exempt "Care giver/Medical Technician."

20.     Plaintiff's job duties included modifying residents' medication, and assisting with residents' everyday needs, such as bathing, changing, feeding, and applying ointments.

21.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

22.     From approximately October 2018 and continuing through January 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

23.     In fact, Defendants deducted meal breaks Plaintiff did not take and, in some instances, deducted entire days of time from Plaintiff's pay.

24.     On December 7, 2018 Plaintiff complained in writing to Defendants' Business Office Manager, Alicia Blaylock (attached hereto as "Exhibit A"), concerning the deduction of overtime hours owed.

25.     Furthermore, on December 17, 2018, Plaintiff complained in writing to INMAN (attached hereto as "Exhibit B"), concerning Defendants' illegal pay practices.

26.     Less than one month later, in January 2019, retaliated against Plaintiff for this complaint by terminating her.

27.     Upon information and belief, many of the records, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

28.     Defendants have violated Title 29 U.S.C. §207 from at least October 2018 and continuing through at least January 2019, in that:

     a.     Plaintiff worked in excess of forty (40) hours in one or more weeks

for the period of her employment with Defendants;

    b.      No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

    c.      Defendants have failed to maintain proper time records as mandated by the FLSA.

29.    Defendants have violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising her rights under the FLSA.

30.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

31.    Defendants' retaliatory conduct against Plaintiff for complaining about Defendants' pay practices was willful.

32.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## RETALIATION IN VIOLATION OF §215(a)(3)

33.    Plaintiff realleges and incorporates paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.    On December 7, 2019, Plaintiff complained in writing to Alicia Blaylock see Exhibit A. the hours Plaintiff was paid was inaccurate, and was owed her overtime hours worked.

35.    Moreover, on December 17, 2018, Plaintiff complained in writing to INMAN see Exhibit A. Defendants' had not properly compensated Plaintiff all her hours

worked, see exhibit B.

36.     Plaintiff also advised INMAN that she was not allowed lunch due to Defendants' inability to cover Plaintiff's shift during the time allotted for lunch, resulting in Plaintiff not being compensated for the time worked through lunch period.

37.     Id. Plaintiff requested she meet with INMAN in-person to discuss her concerns.

38.     Plaintiff met with INMAN at Defendant's Christmas Party, where INMAN stated she would compensate Plaintiff for hours owed.

39.     Plaintiff's employment was terminated less than two weeks thereafter.

40.     Defendants have discriminated and retaliated against Plaintiff because she complained about Defendants' unlawful pay practices, in violation of 29 U.S.C. §215(a)(3).

41.     Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendant knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

42.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

43.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## COUNT II
## UNPAID OVERTIME WAGES

44.     Plaintiff realleges and incorporates paragraphs 1 through 32 of the Complaint as if fully set forth herein.

45.     From at least October 2018 and continuing through January 2019, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of her employment for which she was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

46.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

47.     At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

48.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

49.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

50.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

51.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. §216(b).

52.    Based upon information and belief, Plaintiff was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff, proper overtime wages at time and one-half of her regular rate of pay for such hours.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

DATED this 14th day of October, 2019.

Respectfully Submitted,

Angel Murthy, Esq.
Florida Bar No.: 088758
Morgan & Morgan, P.A.
8151 Peters Rd. Suite 4000
Davie, FL 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*